955 F.2d 44
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ernest MONTGOMERY, Petitioner-Appellant,
v.
H. Gary WELLS, Warden, Muskegon Correctional Facility,
Respondent-Appellee.
 No. 91-1777.
 United States Court of Appeals, Sixth Circuit.
 Feb. 13, 1992.
 
 1
 Before MILBURN and RYAN, Circuit Judges, and HOOD, District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Montgomery was found guilty of first degree murder and sentenced to mandatory life imprisonment on October 31, 1974. Because the court failed to instruct the jury on the lesser included offense of second degree murder, the Michigan Court of Appeals remanded the case for resentencing on second degree murder or for retrial on the original charge. Montgomery was resentenced to concurrent terms of 100 to 150 years imprisonment. The Michigan Court of Appeals affirmed and review in the Michigan Supreme Court was denied.
 
 
 4
 In the habeas corpus petition, Montgomery argued: 1) he was denied a fair sentence in that he was resentenced for first degree murder and that the trial judge should have recused himself because of bias or prejudice; 2) he was denied a fair trial because the aiding and abetting instruction was not supported by the evidence; and 3) he was denied a fair trial because the prosecutor denied that a codefendant, Thames, testified in exchange for being allowed to plead guilty to second degree murder and stated that the absence of fingerprint evidence was unimportant because petitioner went to the victims' home on a regular basis. The district court found no merit to these arguments and denied the petition for a writ of habeas corpus. Montgomery appealed.
 
 
 5
 On appeal, counsel for Montgomery raises the same issues raised in the district court.
 
 
 6
 An appellate court renders de novo review of a habeas corpus proceeding in the district court to determine whether the petitioner received a fundamentally fair trial. See Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 110 S.Ct. 2212 (1990). Despite de novo review of the claims, the court does give complete deference to evidence-supported state court findings and renders clearly erroneous review of any findings of fact made by the district court. McCall v. Dutton, 863 F.2d 454, 459 (6th Cir.1988), cert. denied, 490 U.S. 1020 (1989). Therefore, this court's focus of inquiry is not whether the district court abused its discretion, but whether the state trial court provided petitioner a fundamentally fair proceeding. See Lundy, 888 F.2d at 470.
 
 
 7
 After careful consideration, we affirm the district court's judgment for the reasons stated by the district court in its memorandum opinion filed June 27, 1991. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Joseph M. Hood, U.S. District Judge for the Eastern District of Kentucky, sitting by designation